*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER RYAN PERSKI,

Defendant-Appellant.

UNPUBLISHED
May 28, 2020

No. 348561
Manistee Circuit Court
LC No. 18-004804-FC

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

JANSEN, J. (*concurring in part, dissenting in part*).

I concur with the majority that defendant's two convictions did arise out of the same transaction, and therefore consecutive sentencing was authorized in this case. "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). In this case, the trial court relied on MCL 750.11a(8) as authority to order consecutive sentencing. This statute provides:

> (8) The court may order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

"The term 'same transaction' is not statutorily defined; however, it has developed a unique legal meaning." *Ryan*, 295 Mich App at 402. "Two or more separate criminal offenses can occur within the 'same transaction.' " *Id.*, citing *People v Nutt*, 469 Mich 565, 578 n 15; 677 NW2d 1 (2004), where our Supreme Court opined " 'It is not of unfrequent occurrence, that the same individual, at the same time, and in the same transaction, commits two or more distinct crimes . . . .' " "To find otherwise would be nonsensical, as consecutive sentencing provisions such as . . . MCL 750.11a(8) . . . would be rendered meaningless." *Ryan*, 295 Mich App at 402.

Defendant is correct that the value of the items acquired solely during the home invasion do not amount to $1,000. However, defendant's argument ignores the fact that he acquired these items during the home invasion. Defendant's argument overlooks the cause-and-effect relationship between invading the victim's home and stealing these items, and then concealing

those same items in his own home where they were found by police that same day. That the items were found on the same day that the home invasion occurred strengthens the connection between the two crimes, as it adds a close temporal element to the string of events. Thus, I agree with the majority that defendant's first-degree home invasion conviction and his receiving and concealing stolen property conviction arose out of the same transaction. Accordingly, the trial court had discretion under MCL 750.11a(8) to impose consecutive sentences.

However, because I believe that the trial court abused its discretion by failing to sufficiently articulate its *reasoning* for imposing consecutive sentences, as is required under *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016), I respectfully dissent.

Each and every consecutive sentence imposed "is its own discretionary act and must be separately justified on the record." *Norfleet I*, 317 Mich App at 665. The trial court is required to "give particularized reasons – with reference to the specific offenses and the defendant – to impose each sentence . . . consecutive to the others." *Id*. at 666. A general discussion about the defendant's "background, his history, [and] the nature of the offenses involved" are insufficient. *Id*. A highly specific rationale is required. *Id*.

At sentencing, before imposing defendant's sentences, the trial court generally discussed defendant's "extensive criminal record," and specifically touched on the fact that many of defendant's prior convictions involve theft, and have escalated in severity. The trial court discussed the nature of the instant crimes, as well as how defendant not only stole possessions, but also the victim's sense of security. Finally, the trial court noted that defendant possessed a GED and at the time of the instant offenses had been "exploring college through a local community college." Defendant had also been recently paroled, and was on probation, when these offenses occurred.

However, the trial court did not articulate why a consecutive sentence was appropriate in this case. The trial court merely stated:

> With regards to the home invasion in the first degree, you'll be committed to the Michigan Department of Corrections for a minimum term of 96 months to 20 years: You'll be required to serve that sentence consecutively to the sentence that I've imposed for the [receiving and concealing] stolen property offense.

While the trial court's discussion of defendant's history and the nature of the instant offenses is compelling, I do not believe that it provide a basis from which this Court can accurately evaluate whether a consecutive sentence was warranted. Accordingly, I would remand this matter to trial court to articulate, on the record, "particularized reasons – with reference to the specific offenses and the defendant – to impose each sentence. . . consecutive to the others." *Id*.

/s/ Kathleen Jansen